CONCURRING OPINION by
Judge COHN JUBELIRER.
I concur with the Majority’s reversal of the Order of the Unemployment Compensation (UC) Board of Review (Board) denying Charles Williams’ (Claimant) request for reconsideration and the remand of this matter to the Board for reconsideration of its October 20, 2014 Decision/Order. I write separately to draw the Board’s attention to the fact that it appears that the Board, in issuing its- October 20, 2014 Decision/Order, did not resolve certain contradictions in the testimony and documentation in reaching its determination that Claimant was[1] not the owner of the business known as John R. *878 Williams Landscaping, Inc. (Williams Landscaping) and, therefore, not ineligible for UC benefits pursuant to Section 402(h) of the UC Law (Law).[1] Specifically, I note that the record shows the following.
Claimant filed a claim for UC benefits in February 2014 listing Williams Landscaping as his employer. (Summary of Interview, R. Item 2.) The UC Service Center determined that Claimant was ineligible for UC benefits pursuant to Section 402(h) because he is self-employed. (Notice of Determination, R. Item 4.) Claimant appealed and at the first Referee hearing held in this matter on March 20, 2014, Claimant testified that he was the “owner of the business,” that he had given his wife control of the company but stated that, because of his sister, Kathy’s attempts to acquire the business after his parents’ death, “our lawyer said, you know, just keep it in your name. But, she [wife][sic] 100 percent control of the business.” (Hr’g Tr. at 2, 6, March 20, 2014, R. Item 7.) Claimant testified further that “[a]s the owner, I just gave her 100 percent control,” “[o]n paper, I’m considered the owner of the business,” and “I own a piece of paper that is 100 percent stock in it, but the stock is worth no value for this business.” (Hr’g Tr. at 2.) Claimant indicated that he had a copy of that stock certificate with him at the March 20, 2014 hearing. (Hr’g Tr. at 5.) However, that certificate was not entered into evidence.
The record also contains an August 14, 2008 Referee’s Decision/Order finding that Claimant was not ineligible for benefits pursuant to Section 402(h) of the Law. (Claimant’s Petition for Appeal from Determination w/Attachments, Dated 3/3/2014, Ex. 3, R. Item 5.) Therein, the Referee found that Claimant “filed for benefits again in 2007 and 2008 and again informed the unemployment compensation authorities he owned the business but was not a corporate officer and did not make executive type decisions.” (Referee Decision, August 14, 2008, Findings of Fact ¶ 9.)
The record contains a “Report by UC Tax Agent,” dated September 10, 2009, which indicates that Claimant owns 100% of Williams Landscaping as of that date. (Employer Separation Information, R. Item 3.) Attached to Claimant’s appeal to the Board from the Referee’s initial Decision issued in this matter on March 25, 2014, is a copy of the Referee’s Decision that contains, at the bottom, the following handwritten comment: “LEGAL REASONS JUST SAY IM OWNER CAUSE OF KATHY.” (Claimant’s Petition for Appeal from Referee’s Decision/Order w/Attachments, Dated 4/7/2014, R. Item 10.)
The Board ordered a remand hearing to fully develop the record with respect to the issue of whether Claimant was ineligible for UC benefits pursuant to Section 402(h) of the Law. (Remand Memo, Dated 5/9/14, R. Item 11.) At the remand hearing held before the Referee on June 19, 2014, Claimant appeared with counsel. Counsel contended that there was some erroneous information provided at the first hearing and entered into the record a document purporting to be a stock certificate transferring 100% ownership of Williams Landscaping from Claimant to his wife as of February 6, 2007. (Hr’g Tr. at 2, June 19, 2014, R. Item 14.) However, this stock certificate was not authenticated by Claimant or his wife. Instead, it was Claimant’s counsel who “testified” that the certificate *879 was “the original.” (Hr’g Tr. at 2.) Claimant only testified that he was not an owner, an officer, or a shareholder of the business. (Hr’g Tr. at 3.) However, Claimant’s own testimony at the first hearing, the August 14, 2008 Referee Decision/Order, the September 10, 2009 “Report by UC Tax Agent,” and other record evidence contradicts that Claimant transferred ownership of the business to his wife in 2007. His testimony at the second hearing may establish that, as of June 2014, he was not owner or shareholder of the company, but there was no testimony then to establish when that status changed.
Given the state of this record, and the contradictions in the testimony and documentation, which become apparent after detailed review of the record, the Board’s reconsideration of its October 20, 2014 Decision/Order on remand must include, in addition to relevant case law, a review of the entire certified record.. This will enable the Board to make findings and consider all of the material facts m reaching a conclusion of law as to whether Claimant is ineligible for UC benefits pursuant to Section 402(h) of the Law.

. Act of December 5, 1936, Second Ex.Sess., ■ P.L. (1937) 2897, as amended, 43 P.S. § 802(h). Pursuant to Section 402(h), an employee is ineligible for UC benefits for any week in which he or she "is engaged in self-employment.” Id.